NO. 07-10-0087-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

SEPTEMBER 29, 2010

 

______________________________

 

 

IN THE INTEREST OF N.C. AND J.C., CHILDREN

 

_________________________________

 

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

 

NO. 6537-L2; HONORABLE RONNIE WALKER, JUDGE[1]

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            A.T.[2] appeals the trial court's denial of a
free reporter's record after the trial court found that an appeal from the
trial court's order terminating his parental rights to his children, N.C. and
J.C., would be frivolous.[3]
 We reverse and remand.




 

Factual Background

            After hearing testimony from numerous witnesses from January 18, 2010
through January 21, 2010, the trial court signed an order terminating the
parental rights of A.T. to his minor children, N.C. and J.C., on February 22,
2010.  A.T. was represented at trial by
appointed counsel.  However, appointed
counsel was permitted to withdraw immediately after trial.  Proceeding pro se, A.T. timely filed a
Statement of Points, Notice of Appeal, and Affidavit of Indigence.  Although the incomplete appellate record does
not reflect when, and if, A.T. requested appointment of appellate counsel, the
trial court signed an order appointing new counsel on March 18, 2010,
twenty-four days after signing the termination order and after most critical
deadlines for this type of accelerated appeal had expired.  See generally Tex. Fam.
Code Ann. § 263.405(a) and (b) (Vernon 2008).

            Pursuant
to section 263.405(d), the trial court held a mandatory hearing on March 22,
2010.  A.T.'s newly appointed counsel was
unavailable due to a prior conflict; however, the hearing proceeded with A.T.'s
consent.[4]  No evidence was presented at the hearing, and
the State urged the trial court to find the appeal frivolous, which the court
did.  The trial court added:

[a]nd
my finding on the frivolous issue is based on the evidence that the Court
heard.  This was a non-jury trial; it was
a trial, bench.  There was a lot of
evidence.  I heard a lot of witnesses,
and so based on what I heard, the Court is of the opinion that such an appeal
would be frivolous . . . .

 




 

The trial court signed an order
memorializing its ruling and this appeal followed.  In his brief, A.T. asserts the trial court
committed reversible error in denying him a free reporter's record to pursue
his appeal.  We agree.

Analysis

On this same date, this Court reversed
the trial court's order finding A.T.'s appeal from the trial court's order
terminating his parental rights to another child, S.C., frivolous.  See In
the Interest of Q.W.J. and S.C., No. 07-10-0075-CV.  That same analysis and reasoning applies in
this appeal in concluding that arguable grounds for an appeal exist.

            Accordingly,
we hold the trial court abused its discretion in finding the appeal frivolous
and in denying A.T. a free reporter's record. 
Consequently, we reverse the trial court's order finding A.T.'s notice
of appeal frivolous and remand the cause to the trial court to order the court
reporter to complete and file the reporter's record on or before November 29,
2010.  Appellant shall file a merits brief within 20 days after the reporter's record is
filed.  Appellee's brief must be filed
within 20 days after Appellant's brief is filed.

It is so ordered.

                                                                                    Per Curiam

 

 











[1]Hon.
Abe Lopez, (Ret.), sitting by assignment.  Tex. Gov=t Code
Ann. '75.002(a)(3)
(Vernon 2005). 

 





[2]To
protect the parents' and children's privacy, we refer to them by their
initials.  See Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008).  See
also Tex. R. App. P. 9.8(b).

 





[3]The
children's mother, K.L., was appointed possessory conservator and is not appealing.





[4]A.T.
was tacitly represented by counsel appointed to represent the mother of one of
A.T.'s other children in a companion termination case, Cause No. 6538-L-2,
appellate Cause No. 07-10-0075-CV.